# WILLIAM R. PECK *v.* JOHN H. OVERTON.

A petitory action for land, can only be maintained against the possessor or owner. C. P. art. 43.

A personal action must be brought in the parish in which the defendant resides.

APPEAL from the District Court of Madison, *Farrar*, J. *J. L. Amonett*, for plaintiff. *Alonzo Snyder*, for defendant. The judgment of the court was pronounced by

PRESTON, J. Suit was brought by the plaintiff against the defendant, to compel him to make a formal conveyance of a tract of land, which, as he alleged, he had purchased from his agent, and was ratified by his attorney in fact; and, indeed, that by silence, when he should have spoken, he assented to the sale himself. The defendant excepted, that it was a personal action; that he resides in the parish of St. Landry, and that he was not subject to the jurisdiction of the district court for the parish of Madison. The exception was overruled, an amended petition having been filed by leave of the court. The amended petition alleges, that the defendant had the actual possession of the land in controversy, and claimed it as owner. The defendant excepted again, that he had not possession of the land, nor claimed it as owner; that a petitory action could not be maintained against him, because he was not in possession or owner of the land; and that a personal action could not be maintained in that court, because he resided in the parish of St. Landry.

We have been unable to find, that this last exception was formally overruled by the court. The defendant, however, acknowledges, in his answer, that it was overruled. It appears, by entries and evidence, that it was tried, and the defendant insists upon it in this court. He cannot be deprived of the right by a judgment, by default taken at the very moment of filing papers, of which *oyer* was asked, without assigning any reasons for the default. He filed his exceptions the next day, which certainly was all that could be reasonably required. The judgment by default seems to have been disregarded by all parties.

On the trial of the exception, the defendant showed that he had made an agreement to sell the land to *Mrs. Bemiss*, a month before the suit was brought. The agreement was absolutely binding upon him, and, as to him, amounted to a sale, although sixty days was given to *Mrs. Bemiss* to accept and comply with the conditions. It was proved, further, that *Mrs. Bemiss* was actually in possession of the land at the time the suit was brought. The defendant was not liable to a petitory action for land of which he was not in possession, and which he had sold. The suit could only be brought against the possessor, or owner. C. P., art. 43. For any personal claim against him, the suit should have been brought in the parish of his domicil. C. P., art. 162.

There seems to be less reason for rejecting the exception, as on the very day it was tried, suit was brought by the plaintiff against *Mrs. Bemiss* for the land, which suit is still pending, the defendant being called in warranty.

The judgment of the district court is reversed; and it is decreed, that the defendant's exception be sustained, and the plaintiff's petition dismissed, and that he be condemned to pay costs in both courts.